UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Metropolitan Life Insurance Company,

    Plaintiff,

v.                                                    Case No. 07-12342

Margaret Harris, Essie Mae Harper, and       Honorable Sean F. Cox
Cantrell Funeral Home, Inc.,

    Defendants.
_____/

## OPINION GRANTING PLAINTIFF'S
## AMENDED MOTION FOR DISCHARGE AND DISMISSAL.

Metropolitan Life Insurance Company ("MetLife") filed this interpleader action after one of its life insurance policy-holders, Adolphus Farmby ("the Decedent"), died. The Court allowed MetLife to deposit the life insurance proceeds of $31,185.00 with the Court and MetLife has served all three defendants, potential beneficiaries under the policy, with the complaint: 1) Margaret Harris ("Harris"); 2) Essie Mae Harper ("Harper"); and 3) Cantrell Funeral Home, Inc. ("Cantrell Funeral Home").

Although the docket reflects that Harper was served on July 21, 2007, to date she has not filed an answer or otherwise appeared in this action. Harris has filed an answer, through counsel, and claims to be the sole beneficiary under the policy. Harris does acknowledge, however, that Cantrell Funeral Home should be paid $9,774.30 from the insurance proceeds.

Currently before the Court is MetLife's Amended Motion for Discharge and Dismissal [Docket Entry No 10]. In this motion, MetLife asks the Court to: 1) release $9,774.30 to Cantrell Funeral Home and then 2) dismiss MetLife and Cantrell Funeral Home from this action, leaving Harris and Harper to either settle and resolve their claims or have the Court determine

who is the beneficiary.

Harris filed a response to the motion, indicating that she agrees Cantrell Funeral Home should be paid from the proceeds and that she does not oppose having MetLife or Cantrell Funeral Home dismissed from the case. She asserts, however, that since Harper has not filed an answer or otherwise appeared in this action that the Court should award her the remaining insurance proceeds.

Harper did not file any opposition to MetLife's Amended Motion for Discharge and Dismissal, nor did she file any response to Harris's request that Harris be awarded the remaining proceeds.

Because no party disputes that Cantrell Funeral Home should be paid $9,774.30 from the insurance proceeds and then dismissed, and no party disputes that MetLife is a neutral stakeholder that should now be dismissed from this action, **IT IS ORDERED** that MetLife's Amended Motion for Discharge and Dismissal is **GRANTED**. An appropriate "Order for Discharge and Dismissal" shall be issued forthwith.

In addition, the Court shall also issue an Order to Show Cause, requiring Harper to show cause, in writing, within ten (10) days of service of that order why this Court should not enter an Order declaring that Harris is entitled to the remaining insurance proceeds. Counsel for Harris shall promptly serve the Order to Show Cause on Harper and then file an appropriate proof of service with the Court.

**IT IS SO ORDERED**.

                                           S/Sean F. Cox
                                           Sean F. Cox
                                           United States District Judge

Dated: November 5, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Metropolitan Life Insurance Company,

    Plaintiff,

v.                                            Case No. 07-12342

Margaret Harris, Essie Mae Harper, and     Honorable Sean F. Cox
Cantrell Funeral Home, Inc.,

    Defendants.
_____/

## PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2007, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez
                                      Case Manager