UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Metropolitan Life Insurance,

    Plaintiff,

v.                                        Case No. 07-12342
                                          Honorable Sean F. Cox

Margaret Harris, *et al.*,

    Defendants.

_____/

## **OPINION & ORDER**

Metropolitan Life Insurance Company ("MetLife") filed this interpleader action on May 31, 2007, after one of its life insurance policy-holders, Adolphus Farmby ("the Decedent"), died. To date, two defendants remain in this action, who both claim an interest in the remaining life insurance proceeds. The matter is currently before the Court on Defendant Harris's unopposed Motion for Summary Judgment. For the reasons below, the motion shall be granted.

BACKGROUND

The Decedent was a participant in the General Motors Life & Disability Program for Hourly workers. (Compl. at ¶ 2). MetLife issued a group policy to GM to fund the life insurance benefits under the Plan. (*Id.*).

The Decedent was enrolled for $21,185 in basic life insurance benefits, and $10,000 in optional life insurance benefits as of October 29, 2006, the date of his death. (*Id.* at ¶ 3). The life insurance benefits are payable under the Plan in the total amount of $31,185, plus any applicable interest. (*Id.*).

The Plan provides that the life insurance benefits under the Plan are payable to the latest beneficiary designated by the participant on forms approved by GM. (*Id.* at ¶ 10; *see also*

Summary Plan Description, attached as Ex. A to Compl., at 40).

On August 22, 2003, Decedent designated Harper as the sole primary beneficiary of the Plan Benefits. (*See* Ex. C to Compl.).

On February 5, 2005, Decedent designated Harris as the sole primary beneficiary of the Plan Benefits. (*See* Ex. B to Compl.).

The Decedent died on October 29, 2006. (Exhibit D to Compl.). The Death Certificate indicates that Decedent's death was caused by: 1) hypertensive cardiovascular disease; and 2) chronic obstructive lung disease. (*Id.*).

The Court allowed MetLife to deposit the life insurance proceeds of $31,185.00 with the Court and MetLife served all three defendants, potential beneficiaries under the policy, with the complaint: 1) Margaret Harris ("Harris"); 2) Essie Mae Harper ("Harper"); and 3) Cantrell Funeral Home, Inc. ("Cantrell Funeral Home").

Harris, acting through counsel, filed an answer to the complaint claiming to be the sole beneficiary under the policy at issue. In responding to MetLife's Amended Motion for Discharge and Dismissal (Docket Entry No 10), Harris requested that, since Harper had not filed an answer or otherwise appeared in this action, the Court should award her the remaining insurance proceeds that have been deposited with the Court.

This Court then ordered Harper to show cause, in writing, why this Court should not enter an order declaring that Harris is entitled to the remaining proceeds.

Harper responded by filing a timely *pro se* written submission titled, "Answer to Show Cause" (Docket Entry No. 18) in which she asserts that Harris should not be awarded any portion of the insurance proceeds. In sum, Harper states that Harris should be removed as the beneficiary under the policy because the Decedent was "unable to make any competent changes

in his beneficiary status based on his health problems and reduced cognitive ability." (*Id*.).

The Court thereafter held a status conference with the parties and issued a scheduling order. Although Harper has been proceeding in this action as a *pro se* litigant, she did not file a separate, formal answer to the complaint. This Court issued an order construing Harper's Answer to Show Cause (Docket Entry No. 18) as Harper's answer and appearance in this action as a *pro se* litigant.

Cantrell Funeral Home has now been paid from the proceeds deposited with the Court and has been dismissed from the action, as has MetLife. Thus, the only remaining Defendants in this action who assert any interest to the remaining insurance proceeds are Harris and Harper.

According to this Court's Scheduling Order, discovery closed on February 19, 2008.

On March 17, 2008, Defendant Harris filed the instant Motion for Summary Judgment, wherein she requests that the Court grant summary judgment in her favor and award her the insurance proceeds at issue. (Docket Entry Nos. 32 & 33).

On March 18, 2008, this Court sent written notice to the parties advising that Defendant Harris had filed the above motion and scheduling the motion to be heard by the Court on May 15, 2008. (Docket Entry No. 34).

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Rule 7.1(e)(2) provides that oral hearings on motions will be heard "unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule."

Thus, if Defendant Harper opposes the Motion for Summary Judgment filed by Harris, she was required to file a brief in opposition to same within 21 days of service of the motion. Although the time permitted under Local Rule 7.1 for filing a response to the pending motions had passed, no brief in opposition to the motion was been filed by Harper. This Court issued an Order to Show Cause that ordered Harper to show cause, in writing, no later than **April 23, 2008**, why the unopposed pending Motion for Summary Judgment filed by Defendant Harper should not be granted. (Docket Entry No. 35).

Harper did not file any response to the Show Cause Order.

In addition, while counsel for Harris appeared for the May 15, 2008 motion hearing, Harper did not appear. Because Harper failed to appear, the Court cancelled the hearing and indicated that it would rule on the motion based upon the briefs.

Standard of Decision:

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

The Motion for Summary Judgment filed by Harris notes that it is undisputed that Harris is the latest beneficiary designated by Decedent on forms approved by GM. The motion further notes that Harper's Answer indicates that the only claim Harper makes to the life insurance proceeds is on the basis that Decedent's "cause of death, hypertensive cardiovascular disease and chronic obstructive lung disease, allegedly affect cognitive abilities and allegedly rendered decedent incompetent to change the beneficiary on his life insurance policy." (Harris S.J. Motion at 7).

Harris contends that she is entitled to summary judgment in her favor because the undisputed evidence before the Court establishes that Decedent was competent at the time he designated her as his sole and primary beneficiary. Harris relies on an affidavit, and attached letter, from Dr. Terry Scott Baul, who was Decedent's physician from 1990 until his death in 2006. Dr. Baul opines that the Decedent "was in his right state of mind at all times" and was competent to make decisions. (Ex. 5 to Harris S.J. Brief). Harris therefore contends that the evidence before the Court indicates that Decedent was competent when he designated Harris as his sole beneficiary on February 5, 2005.

The Court agrees that Harris is entitled to summary judgment.

It is well established under Michigan law that an original beneficiary who claims that the insured was mentally incompetent to change the beneficiary has the burden of proving the mental incompetency of the insured at the time of the change. 3A Mich. Pl. & Pr. § 36:236 *Insurance – Beneficiary Changes*; *Chrysler Corp. v. Nohmer*, 319 Mich. 153 (1947); *Potter v. Chamberlin*, 344 Mich.App. 399, 405 (1955).

Here, Harris has submitted admissible evidence from Decedent's own physician indicating that Decedent was competent at the time he designated Harris as his beneficiary. Harper has not responded to the motion in any manner and has utterly failed to present any evidence to establish that Decedent was incompetent to designate Harris as his sole beneficiary. Accordingly, Harris is entitled to summary judgment and is entitled to the remaining insurance proceeds.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Motion for Summary Judgment filed by Defendant Harris is GRANTED.

IT IS SO ORDERED.

S/ Sean F. Cox
SEAN F. COX
United States District Judge

Date:  May 16, 2008

I hereby certify that on May 16, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Essie Mae Harper
18666 Albion
Detroit, MI 48234

S/ Jennifer Hernandez
Case Manager